McMULLIN *v*. Bank of PENN TOWNSHIP.

1. The liability of a principal to his guarantee not having paid the money, is not discharged by the bankrupt law.
2. Several sureties for parts of one debt entitled to equal shares of a payment by the debtor.
3. Debt payable in books and labour, discharged under the bankrupt law.

ERROR to the District Court of the city and county of Philadelphia

*April* 6. The plaintiff was the holder of a note drawn by Desilver for $650, guarantied by six persons, in payments of $108\frac{33}{100}$ respectively, no one being liable for the other. After proving these instruments, he showed a discharge of the drawer as a bankrupt. The defendant, one of the guarantors, proved an arrangement with the bank, by which this, with other debts of Desilver, were merged in one

note, which it was agreed should be renewed from time to time, and payment made in book-binding, &c.   As an inducement, Desilver agreed to deduct thirty per cent. off his account, and apply it to the payment of his father's debt, for which he was in no way accountable. The sureties assented to this arrangement.   The payments on his father's debt were made as was agreed, and this amount the defendant claimed should have been applied to his private debt; the court charged he was not entitled to it, as he had assented to the arrangement. $160 having been paid on the original note, defendant contended he was exonerated, but the court said, as there was no contribution, or joint liability of the sureties, he was only entitled to his proportionate part.

Desilver was offered by defendant as a witness, but the court rejected him.   There was an exception to the admission of evidence to prove a demand by the bank, and refusal by Desilver, after his bankruptcy, to perform his contract in furnishing books.

*Guillou*, for plaintiff in error.—The bankrupt act discharged Desilver from his liability to the defendant and the plaintiff; the surety has, under our law, a right to prove and claim his contingent debt, sect. 4. Under Harker *v.* Conrad, 12 Serg. & Rawle, 305, the payment on the father's debt being voluntary, should have been first applied to the claim for which we were sureties.   Pattison *v.* Hull, 9 Cow. 775.

*J. Norris*, contrà.—There was no contribution between the sureties, and they were equally entitled to the credit.   There was no debt due defendant at the time of the bankruptcy, consequently it could not be discharged.   Bond *v.* Gardner, 4 Binn. 269 ; 7 Watts, 380 ; 3 Watts & Serg. 295.

*April* 15.   KENNEDY, J.—The most of the errors assigned consist of exceptions to the charge delivered by the court to the jury ; upon which we deem it unnecessary to say more, than that we think they have not been sustained ; that we consider all the points excepted to in the charge correctly decided ; and for the reasons given by the learned judge, which are not only forcible but conclusive, in support of his opinion, as expressed on every point.

The remaining errors are exceptions to the opinion of the court, in regard to the competency of R. Wilson Desilver, offered as a witness by the plaintiff in error, and rejected by the court ; and the admissibility and competency of the evidence contained in the deposition of Morgan Hinchman.

The objection to the competency of R. Wilson Desilver was, that he was interested in the event of the suit, inasmuch as he would be

liable to the plaintiff in error, for whatever he should be compelled to pay under a recovery had therein. This, however, was denied by the counsel for the plaintiff in error, on the ground that R. Wilson Desilver was exonerated from all liability to the plaintiff in error, for any thing that could result from the event of this suit, by his having obtained a discharge and certificate under the late bankrupt law. To support this, a provision in the fifth section of the law has been referred to and relied on, in which it is declared, that "sureties, endorsers, bail, or other persons having uncertain or *contingent* demands against such bankrupt, shall be permitted to come in and prove such debts or claims under this act, and shall have right when their debts and claims become absolute, to have the same allowed them." It is contended that any demand which the plaintiff in error could have hereafter, against R. Wilson Desilver, by reason of his being cast in this suit, and having to pay money upon his guaranty to the defendants in error for the said R. Wilson Desilver, is of the contingent character mentioned in the clause recited, and, therefore, such as would entitle the plaintiff in error to receive a dividend of the said R. Wilson Desilver's estate, which went into the hands of his assignee in bankruptcy ; and if so entitled, he of course could have no claim against R. Wilson Desilver personally, or his property acquired subsequently to his discharge under the bankrupt law. But the truth is, that the plaintiff in error had no demand of any kind, either certain, uncertain, or contingent, against R. Wilson Desilver, at the time the latter obtained his discharge and certificate under the bankrupt law, and, consequently, could have no claim to a dividend of, or demand against, his estate and effects in the hands of his assignee ; nor can he have such a claim at any time, on account of, or by reason of his guaranty to the bank, for which he has been sued in this case. He, however, will have a right of action against R. Wilson Desilver, for whatever he shall have, or be compelled to pay the bank, by reason of his guaranty ; and hence it is perfectly manifest, that R. Wilson Desilver has an interest in defeating the recovery of the bank in this action, and, therefore, not a competent witness against the bank in favour of the plaintiff in error.

The remaining error is to the opinion of the court, in admitting the deposition of Morgan Hinchman. It is objected to, because not relevant to the issue. It certainly relates to the subject-matter of the defence, set up in part, by the plaintiff in error in the court below, and tended to show that R. Wilson Desilver had declined or refused to satisfy the debt owing by him to the bank, according to his subsequent undertaking and agreement with the bank for that purpose, in

binding books and stationery; which, as it was alleged by the counsel for the plaintiff in error, he was still liable to perform, notwithstanding his discharge under the bankrupt law, and that the bank might therefore look to him for satisfaction under this promise. No doubt his discharge under the bankrupt law released him from this latter promise, if it was ever binding, as well as his original promise to the bank; but there was nothing wrong or improper in the bank giving evidence to repel all possibility of its recovering satisfaction from R. Wilson Desilver on his subsequent promise, after it was set up by the plaintiff in error as part of his defence, by an allegation that the bank might still obtain satisfaction of R. Wilson Desilver thereon, by getting of him binding and stationery.

The judgment of the court below is therefore affirmed.